UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| DONALD BROWN, | ) | C/A No.: 4:17-1412-RMG-TER |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **Report and Recommendation** |
| | ) | |
| WARDEN, FCI WILLIAMSBURG, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner, Donald Brown, (hereinafter "Petitioner"), is currently incarcerated at the Federal Correctional Institution (FCI) Williamsburg located in Salters, South Carolina. Petitioner appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241[1] on May 30, 2017, alleging that the Bureau of Prisons (BOP) has failed to properly calculate his federal sentence. Respondent filed a Motion to Dismiss or, in the alternative, Motion for Summary Judgment on July 25, 2017, along with a return, supporting memorandum, affidavit, and exhibits. As matters outside of the pleadings were submitted by the parties, the undersigned will treat this motion as one for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

The undersigned issued an order filed July 26, 2017, pursuant to Roseboro v.

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. (Doc. #12). Petitioner filed a response on August 15, 2017, along with several exhibits. (Doc. #14).

## DISCUSSION

### A. STANDARD FOR SUMMARY JUDGMENT

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972). The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c).

The moving party bears the burden of showing that summary judgment is proper. Summary judgment is proper if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a);

Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof. Celotex, 477 U.S. 317. Once the moving party has brought into question whether there is a genuine dispute for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine dispute for trial. Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir. 1992). The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

To show that a genuine dispute of material fact exists, a party may not rest upon the mere allegations or denials of his pleadings. See Celotex, 477 U.S. at 324 (Rule

56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves). Rather, the party must present evidence supporting his or her position through "depositions, answers to interrogatories, and admissions on file, together with . . . affidavits, if any." Id. at 322; see also Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

## B. ARGUMENT OF PARTIES/ANALYSIS

Petitioner filed this action challenging the execution of his federal sentence. Specifically, Petitioner alleges that he has not received sufficient credit toward his federal sentence to account for the time he spent in state custody from September 25, 2007, through January 2, 2009. Additionally, Petitioner argues that due to a technical parole violation, his Georgia state parole was only revoked after his arrest on the federal charges. In his response, Petitioner argues that "[t]he SCMPD was merely assisting the FBI/ATF in this operation. They were not the lead agency in command, therefore, the arrest of the Petitioner was made by the FBI thru SCMPD." (Doc. #14 at 2). Petitioner asserts that he was not arrested by the SCMPD for a parole violation or any other charge on September 25, 2007, but that after being arrested, he was

4

transported by the FBI to the FBI office in Savannah, Georgia, where he was interviewed and given *Miranda* rights by special agent of the FBI. Petitioner argues that during the interview, it was discovered that there was an active warrant for his arrest by the State of Georgia for a Parole Violation. Petitioner states in his response that he and his co-defendant were transported to the Chatman County Detention Center where he was turned over to the Chatman County Sheriff's Office by the FBI Special Agent who placed an FBI hold on him. Petitioner argues that he should receive credit for his federal charges while being held in the Georgia state detention center.

Respondent submitted the declaration of Robert C. Jennings who declares that he is employed by the United States Department of Justice, Federal BOP, as a Management Analyst at the Designations and Sentence Computation Center (DSCC) located in Grand Prairie, Texas. (Doc. 11-1, with attachments). The DSCC is responsible for the computation of federal inmate sentences. Id. Jennings reviewed the federal sentence computation conducted on the federal term of imprisonment for federal inmate Donald Brown and declares that the sentence was computed in accordance with federal statute and BOP policy. Id.

Jennings declares that the computation of a federal sentence is the responsibility of the Attorney General of the United States, and this responsibility has been

delegation by the Attorney General of the Federal Bureau of Prisons. 28 C.F.R. §0.96. (Id.). When performing the computation of a federal term of imprisonment, the BOP verifies an inmate's arrest and incarceration dates utilizing information provided by, but not limited to, applicable state law enforcement agencies, state courts, the United States District Courts, the United States Marshals Service, and the United States Probation Office. (Id.). In determining the commencement date of a federal sentence, the BOP is guided by 18 U.S.C. 3585(a), and Program Statement 5880.28, Sentence Computation Manual (CCCA of 1984) which provides that " a sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service at, the official detention facility at which the sentence is to be served." ((Id.; attachment 9). Jennings declares that the BOP is also guided by the provisions of 18 U.S.C. 3584(a), which provides, "Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." (Id.).

Petitioner was arrested during a joint operation of law enforcement agencies, consisting of the Federal Bureau of Investigation (FBI), Alcohol, Tobacco and Firearms (ATF), and the Savannah-Chatham Metro Police Department (SCMPD).[1] On

---

[1] Respondent asserts that pursuant to BOP Program Statement 1351.01, for the safety and security of the inmate and the institution, inmates are not allowed to obtain or possess copies of their pre-sentence report (PSR) . However, the Program Statement allows Petitioner to access and view his PSR by submitting a request to his Unit Team staff, and the PSR is available for in

October 25, 2007, Petitioner was arrested on a criminal complaint and the U.S. Marshals took temporary custody of Petitioner via a writ of habeas *ad prosequendum.* On February 5, 2008, a federal grand jury returned a four-count superseding indictment against Petitioner and a co-defendant. Count 1 charged conspiracy to rob a credit union from on or about September 1, 2007, to September 25, 2007; Count 2 charges that on or about September 25, 2007, Petitioner and the co-defendant committed the offense of attempted credit union robbery; County 3 charged that on or about September 25, 2007, Petitioner committed the offense of possession of firearms by a convicted felon; and, Count 4 charged the offense of possession of an unregistered short-barreled shotgun. All the offenses charged occurred in Chatham-County, Georgia.

Petitioner was sentenced on December 3, 2008, in the United States District Court for the Southern District of Georgia, Savannah Division, to be imprisoned for a total term of 60 months as to Counts 1 and 3 each, 120 months as to Count 4, and 151 months as to Count 2, all to be served concurrently, for a total of 151 months (Case Number CR407-00308-001). (Id.). On December 3, 2008, after sentencing,

---

camera review upon request by the court. Respondent asserts that Petitioner's PSR, used in the preparation of the response, contains an error, as it reflected that Petitioner was arrested by federal authorities. However, "the documentation from the Chatham County Jail (Doc. #11-1, attachment 7) and the trial transcript (Doc. #11-1, attachment 3), reflects that he was arrested by the officers of the SCMPD and held in state primary custody on a state parole violation." (Doc. #11, fn. 2).

7

Petitioner was returned to state primary custody at the Chatham County Jail. (Id.). the federal Judgment in a Criminal Case remained silent as to how the federal sentence would run with Petitioner's impending sentence on the state parole violation. Therefore, the federal sentence was considered to be consecutive to any other sentence. (Exhibit 1; Attachment 6). (Id.).

On December 15, 2008, Petitioner's parole was revoked in his state case and Petitioner was ordered to serve out the remainder of his state sentence which was completed on January 2, 2009. Petitioner remained in state custody until March 3, 2009, when he was picked up by the U.S. Marshals Service.

The BOP has calculated Petitioner's federal sentence to begin on March 3, 2009, the date he was received into exclusive federal custody. The federal sentencing court did not order that the federal sentence run concurrently with his State sentence. Pursuant to 18 U.S.C. 3621, ". . . In no case can a federal sentence of imprisonment commence earlier than the date on which it is imposed. (Id., attachment 9). However, the BOP applied prior custody credits towards Petitioner's sentence from the date his state sentence ended on January 3, 2009, through March 2, 2009, pursuant to 18 U.S.C. 3585(b).

Jennings declares that Petitioner was placed on a federal writ of habeas corpus *ad prosequendum* from October 25, 2007, until December 3, 2008, while awaiting

conviction and sentencing on his federal charge. However, Petitioner remained under the primary jurisdiction of Georgia while out on the federal writ and received credit for this time on his state sentence. If the petitioner was given credit on his federal conviction during the time he spent in federal custody under the writ of *ad prosequendum*, it would be awarding him dual credit. Title 18 U.S.C. 3585(b) precludes the BOP from giving an inmate dual credit for the same custody. (Id.). The time period while under the writ of *ad prosequendum* was only a temporary period of federal custody but the state of Georgia still retained primary custodial jurisdiction. The BOP does not award prior custody credit for individuals who are in temporary federal custody due to a writ of habeas corpus. (Id.; see Program Statement 5880.28, Sentence Computation Manual CCA of 1994, attachment 11).

## ANALYSIS

As previously stated, Petitioner argues that he is entitled to credit toward his federal sentence for the time spent in federal custody under a writ of habeas corpus *ad prosequendum* and the time he was in state prison beginning September 25, 2007, through January 2, 2009.

It is well established that after a district court imposes a sentence, the Attorney General, through the BOP, is responsible for administering the sentence. United States

9

v. Wilson, 503 U.S. 329, 335, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992). The authority to determine when a federal sentence commences belongs uniquely to the BOP, subject to federal judicial review under a "deferential abuse-of-discretion standard." United States v. Hayes, 535 F.3d 907, 909–10 (8th Cir.2008), *cert. denied*, 556 U.S. 1185, 129 S.Ct. 1983, 173 L.Ed.2d 1089 (2009).

The computation of a federal sentence is governed by 18 U.S.C. § 3585 and is comprised of a two-step determination: first, the date on which the federal sentence commences and, second, the extent to which credit may be awarded for time spent in custody prior to commencement of the sentence. 18 U.S.C. § 3585. Credit for prior custody is governed by 18 U.S.C. § 3585(b), which states:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences
>
> > (1) as a result of the offense for which the sentence was imposed; or
> >
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.

18 U.S.C. § 3585(b). A federal sentence cannot commence before it is imposed. See 18 U.S.C. § 3585(a) ("Commencement of sentence: A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting

10

transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served."); United States v. Evans, 159 F.3d 908, 912 (4th Cir.1998) ("A federal sentence does not begin to run, however, when a prisoner in state custody is produced for prosecution in federal court pursuant to a federal writ of habeas corpus *ad prosequendum*. Rather, the state retains primary jurisdiction over the prisoner, and federal custody commences only when the state authorities relinquish the prisoner on satisfaction of the state obligation.").

It is undisputed that Petitioner's federal sentence was imposed on December 3, 2008. The United States Supreme Court has held that under Section 3585(b), "Congress made clear that a defendant could not receive double credit for his detention time." United States v. Wilson, 503 U.S. 329, 337 (1992). In U.S. v. Vance, 563 Fed. Appx. 277 (4th Cir. 2014), the court held as follows:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences...." 18 U.S.C. § 3585(b) (2012). Section 3585(b), however, does not permit a district court to determine credit at sentencing. United States v. Wilson, 503 U.S. 329, 334, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992). Rather, only the Attorney General, acting through the BOP, may compute sentencing credit. Id. at 334–35, 112 S.Ct. 1351. A prisoner wishing to challenge the BOP's computation or execution of a federal sentence may do so via a petition for a writ of habeas corpus under 28 U.S.C. § 2241 (2012), in the district of his confinement following exhaustion of available administrative remedies.

Petitioner's federal sentence commenced when the state of Georgia relinquished jurisdiction over him to federal authorities on March 3, 2009. Petitioner received credit toward his state sentence from September 25, 2007, until January 2, 2009, when he completed service of the state sentence. Even though Petitioner remained in state custody until custody was transferred to the U.S. Marshals Service on March 3, 2009, he was given prior credit custody towards his federal sentence from January 3, 2009, through March 2, 2009. Petitioner cannot receive credit on his federal sentence that was applied to his state sentence. Additionally, Petitioner is not entitled to credit for the time he was borrowed from state officials pursuant to the writ of habeas corpus *ad prosequendum*. See Title 18 U.S.C. 3585(b); United States v. Evans, 159 F.3d 908, 912 (4th Cir. 1998) ("A federal sentence does not begin to run, however, when a prisoner in state custody is produced for prosecution in federal court pursuant to a federal writ of habeas corpus *ad prosequendum*. Rather, the state retains primary jurisdiction over the prisoner, and federal custody commences only when the state authorities relinquish the prisoner on satisfaction of the state obligation."). Further, a defendant is not entitled to prior custody credit for time spent in federal detention pursuant to a writ of habeas corpus *ad prosequendum* when the time period was credited against his state sentence. Williamson v. Pettiford, C/A No. 8:07–3739, 2008 WL 2076664, at *4 (D.S.C. May 9, 2008).

Therefore, in this action, Petitioner is not entitled to prior custody credit for the time spent in federal detention pursuant to a writ *ad prosequendum* from October 25, 2007, through December 3, 2008. Williamson, supra. Additionally, Petitioner is not entitled to credit toward his federal sentence from September 25, 2007, through January 2, 2009, (the date he completed his state sentence) because he received credit toward his state sentence during that time period. See 18 U.S.C. § 3585(a). The Supreme Court has held that under Section 3585(b), "Congress made clear that a defendant could not receive double credit for his detention time." U.S. v. Wilson, 503 U.S. 329, 337 (1992).

Accordingly, it is recommended that Respondent's Motion for Summary Judgment (doc. #11) be granted for Respondent.

## CONCLUSION

Based on the above, it is recommended that Respondent's Motion for Summary Judgment (doc. #11) be granted and the petition dismissed.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

August 25, 2017
Florence, South Carolina

The parties' attention is directed to the important information on the attached notice.

13