# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

| Donald Brown, | ) | Case No.: 4:17-cv-1412-RMG |
|---|---|---|
| Petitioner, | ) | |
| | ) | **ORDER AND OPINION** |
| v. | ) | |
| Warden, FCI Williamsburg, | ) | |
| Respondent. | ) | |

This matter is before the Court on the Report and Recommendation ("R. & R.") of the Magistrate Judge recommending that this Court dismiss Petitioner's 28 U.S.C. § 2241 habeas petition. For the reasons set forth below, this Court adopts the R. & R. (Dkt. No. 16) as the order of the Court. The habeas petition is dismissed.

## I. Background

Petitioner Donald Brown, who is proceeding *pro se*, is currently incarcerated at Federal Correctional Institution ("FCI") Williamsburg in Salters, South Carolina. Mr. Brown filed this petition for writ of habeas corpus on May 30, 2017, alleging that the Bureau of Prisons ("BOP") incorrectly calculated his federal sentence. (Dkt. No. 1.) Petitioner alleges that the BOP did not give him credit toward his federal sentence for the period of time he was in custody from September 25, 2007 through January 2, 2009. The Magistrate has outlined the facts of the case in detail so the court has not repeated them here. (Dkt. No. 16.) The Magistrate explained that Petitioner received credit toward his state sentence for the entire period he was in custody from September 25, 2007 through January 2, 2009, even though for a portion of this period he was "borrowed" by the U.S. Marshals pursuant to a writ of habeas corpus *ad prosequendum*. Mr. Brown then received credit toward his federal sentence for the period from January 3, 2009

-1-

through March 2, 2009, when he remained in state custody after completing his state sentence and had not yet been transferred to the U.S. Marshals to begin serving his federal sentence. (Dkt. No. 11-1 at 12.) The Magistrate explained that Petitioner is not entitled to have any time in custody credited toward both his federal and state sentence. (Dkt. No. 16.)

## II. Legal Standards

### a. *Pro Se* Pleadings

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

### b. Magistrate's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where the Petitioner fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted).

### III. Discussion

Petitioner has filed Objections to the Magistrate's R. & R. in which he argues that the Federal Bureau of Investigation ("FBI") had primary jurisdiction over him beginning with his arrest on September 25, 2007. He also argues that the time he spent in custody from September 25, 2007 through January 2, 2009 could not have been credited toward a state sentence because his parole was not revoked until December 15, 2008, after he was returned to state custody following his federal conviction. He also asserts that his state parole revocation was based on his federal conviction and not on the technical parole violation he was initially arrested for on September 25, 2007.

#### a. Primary Jurisdiction

Petitioner first challenges the Magistrate's determination that he came under the primary jurisdiction of the state of Georgia when he was arrested on September 25, 2007 during a joint operation of several law enforcement agencies, including the FBI, the Bureau of Alcohol, Tobacco, and Firearms, and the Savannah-Chatham Metro Police Department. (Dkt. No. 16 at 6.) Petitioner believes he was arrested by the FBI so was under the primary jurisdiction of federal authorities.

A defendant who is arrested pursuant to a joint effort of federal and state agencies may understandably perceive that the agency who led the effort to arrest him obtained primary jurisdiction. A magistrate judge in the Central District of California considered a set of facts similar to those at issue here in a Report and Recommendation that was later adopted by the district court judge. *McDade v. Gutierrez*, No. CV 13-7503-CJC (JEM), 2016 WL 519615, at *3 (C.D. Cal. Jan. 5, 2016), report and recommendation adopted, No. CV 13-7503-CJC (JEM), 2016 WL 540732 (C.D. Cal. Feb. 9, 2016). The magistrate determined that while petitioner's

offense was both a federal crime and a violation of his state parole, he was arrested pursuant to a state parole violation and placed in state custody in a state detention facility. The Magistrate considered evidence that the federal authorities later used a writ of habeas corpus *ad prosequendum* to obtain physical custody over the petitioner to be further evidence that the state of Texas had primary jurisdiction. The facts in this case are essentially the same. The record shows that Petitioner was arrested on September 25, 2007 for a parole violation and booked by the Chatham County Sheriff's Department. (Dkt. No. 11-1 at 407.) Later, federal authorities used a writ of habeas corpus *ad prosequendum* to obtain physical custody over Petitioner for his federal prosecution. (Dkt. No. 11-1 at 385.) For these reasons, the Court finds that the Magistrate correctly applied the controlling law to the facts of this case when he determined that the state of Georgia obtained primary custody over Petitioner when he was arrested on September 25, 2007.

### b. State Parole Revocation

Petitioner argues that although he was initially arrested on September 25, 2007 for a technical parole violation, his state parole was not actually revoked until December 15, 2008, following his federal conviction. He argues that his parole revocation was based on his federal conviction, not on the technical parole violation he was initially arrested for. For these reasons, Petitioner believes the period of time from September 25, 2007 through January 2, 2009[1] could not count toward his state sentence because he had no state sentence to serve during that time. (Dkt. No. 18 at 4-5.)

Petitioner's factual assertions mirror the Magistrate's. The record shows that Petitioner's state parole was not revoked until after his federal conviction. Petitioner disagrees with the

---

[1] Petitioner has framed his argument using the January 2, 2009 date even though his state parole was revoked on December 15, 2008.

-4-

Magistrate about the legal effect of these facts. Petitioner argues that he could not have received credit toward his state sentence for time spent in custody before his parole was revoked.

A state prisoner whose parole is revoked is responsible for serving the remainder of his state sentence. When Petitioner's parole was formally revoked on December 15, 2008, he had to complete his state sentence. At that time, he had a maximum release date of January 2, 2009. The record does not show that his maximum release date was adjusted outward for the time he spent in federal custody on the writ of habeas corpus *ad prosequendum*. This means that Petitioner received credit toward his *state* sentence for the period of time he spent in state and federal custody from September 25, 2007 through January 2, 2009. The argument Petitioner advances would have the effect of double counting that period of time toward both his federal and state sentences. *See* 18 U.S.C. § 3585(b). For the reasons the Magistrate outlined in the R. & R., Petitioner is not legally entitled to that outcome. The Court therefore finds that the Magistrate has correctly applied the controlling law to the facts of this case.

## IV. Conclusion

For the reasons set forth above, this Court adopts the R. & R. (Dkt. No. 16) as the order of the Court. The habeas petition is dismissed without prejudice.

## V. Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED**.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

September 19, 2017
Charleston, South Carolina